**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandro Lyman, | No. CV-14-0964-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Services, | |
| Defendant. | |

Plaintiff Alexandro Lyman has filed an amended complaint against the Arizona Department of Economic Services. Doc. 9. The Court will screen the amended complaint and dismiss it for failure to state a claim.

**I.   Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

**II.    Plaintiff's Amended Complaint.**

Plaintiff's amended complaint alleges that he was approved for "AHCCCS Health Insurance 10/11/11 (sic)." Doc. 9 at 1. He further alleges that from August 2011 through March 2012, he was a patient of "Luis R Lopez MD," and appears to allege that he had some sort of surgery scheduled with this physician. *Id.* Plaintiff contends that on February 8, 2012, he was "befor (sic) Doctor Kevin Potter scheduling for general surgery." *Id.* at 2. Plaintiff alleges that on March 17, 2012, he was informed that his insurance was canceled. *Id.* He contends that Defendant "committed tort act violation of guaranteed constitutional rights amendments IX, X, and XIV section 1 (sic throughout)." *Id.* He also alleges that Defendant violated several statutes, namely 18 U.S.C. §§ 241, 242, and 1035, and that these violations "caused prolonged suffering, to [his] person (sic)." Doc. 9 at 2. He finally appears to contend that "A.R.S. section 36-2901(6)" is

unconstitutional. *Id.* at 3.

Plaintiff does not explain how the cancelation of his AHCCCS insurance was a violation of any of the statutes or constitutional provisions cited. The allegation Plaintiff's health insurance was wrongly canceled, without supporting facts, is insufficient to state a claim for relief.

Plaintiff's claims are defective for other reasons. The Ninth and Tenth Amendments, which Plaintiff contends were violated, do not support a private right of action against a state agency, such as Defendant. The Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). The Tenth Amendment protects against exercises of federal power, but does not give individuals any rights against state agencies such as Defendant. Moreover, the statutes cited by Plaintiff are criminal statutes. An individual cannot bring a private civil action to enforce provisions of Title 18 of the United States Code. The Court will dismiss Plaintiff's complaint for failure to state a claim.

### III. Leave to Amend and Plaintiff's Obligations.

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In light of the issues with Plaintiff's claims under the Ninth and Tenth Amendments and several criminal statutes, it is clear these claims cannot be salvaged by any amendment. The Court will dismiss the complaint with prejudice as to these claims. As to Plaintiff's Fourteenth Amendment claim, the Court will dismiss this claim without prejudice and will allow Plaintiff to file a second amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **September 12, 2014** to file a second amended complaint.

Plaintiff is again advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the

District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. If Plaintiff chooses to file an amended complaint asserting constitutional violations by federal or state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's amended complaint (Doc. 9) is **dismissed without prejudice** as to his claim under the Fourteenth Amendment only.

2. Plaintiff's amended complaint (Doc. 9) is **dismissed with prejudice** as to all other claims. .

3. Plaintiff shall have until **September 12, 2014** to file a second amended complaint.

4. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by **September 12, 2014**.

Dated this 26th day of August, 2014.

_____
David G. Campbell
United States District Judge

- 5 -